UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MELISSA WILKERSON                                                                                               PLAINTIFF

v.                                                                                    CIVIL ACTION NO. 3:13cv67-DPJ-FKB

CAROLYN W. COLVIN, Acting                                                                                    DEFENDANT
Commissioner of Social Security

ORDER

This social-security appeal is before the Court on the Report and Recommendation ("R&R") [14] of United States Magistrate Judge F. Keith Ball, following referral for hearing by this Court.  After considering the parties' submissions, Judge Ball concluded that Defendant's Motion to Affirm the Commissioner's Decision [11] should be granted and that Plaintiff's Motion for Summary Judgment [9] should be denied.  Plaintiff filed timely Objections [15] to the R&R, and the Commissioner declined to file a substantive response, resting instead on its previous submissions [16].  Having now fully considered the premises, the Court concludes that the R&R should be adopted as the opinion of this Court.

Plaintiff pursued two issues in her motion that she continues to press in her objections: (1) the ALJ erred in his Step 5 findings by failing to incorporate all limitations found at Step 2 into Plaintiff's residual functional capacity ("RFC") and the hypothetical posed to the vocational expert ("VE"); and (2) the ALJ failed to resolve a conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT").  On these issues, Judge Ball found that the ALJ properly incorporated Plaintiff's moderate limitation in concentration, persistence, and pace into her RFC and the hypothetical to the VE, and that no conflict existed between the VE's testimony and the DOT.  He further observed that Plaintiff waived her second contention.  Judge Ball

concluded that substantial evidence supported the ALJ's findings and recommended that the Commissioner's decision be affirmed.

      A.      Incorporation of Plaintiff's Limitations in RFC and VE Hypothetical

At Step 2 of the sequential evaluation process, the ALJ found that Plaintiff has "moderate difficulties" in concentration, persistence, and pace. R. [8] at 16.[1] The ALJ noted that these difficulties "are documented in the consultive examination by [Dr.] Boggs." *Id.* The ALJ concluded that the limitations were "no more than moderate in degree," based in part on his observation that Plaintiff "continues to drive[,] indicat[ing] she is capable of maintaining concentration to a significant degree." *Id.* At Step 5 of the process, the ALJ articulated Plaintiff's residual functional capacity as follows:

> [She] has the residual functional capacity to perform light work . . . except her work must permit her to sit or stand at will. She is capable of occasional crouching, crawling, kneeling, stooping or climbing of stairs but cannot climb ladders or ropes. She can frequently balance. She cannot cope with the stress of highly exacting tasks and cannot carry out complex job instructions, but she can adjust to a work routine of simple instructions, simple tasks and simple job decision[s]. She should have no more than occasional contact with the general public, but she is able to receive normal supervision and interact with coworkers without distracting them or being distracted by them. Her work should not require writing reports or reading of instruction manuals and should not require supervising others.

*Id.* at 17–18. His hypothetical question to the VE mirrored this RFC. *Id.* at 56–58.

Plaintiff asserts that the RFC and corresponding hypothetical failed to incorporate the moderate limitations in concentration, persistence, and pace found by the ALJ. Judge Ball disagreed, noting that "the ALJ's findings that Wilkerson could not follow complex instructions or perform highly exacting tasks represent the specific functional limitations within the broad

---

      [1]Citations reflect the original pagination of the administrative record.

category of limitations in concentration, persistence, and pace." R&R [14] at 6. This conclusion is consistent with Fifth Circuit precedent. *See Bordelon v. Astrue*, 281 F. App'x 418, 423 (5th Cir. 2008) (explaining that an RFC and hypothetical that included "restrictions to rare public interaction, low stress, and simple, one- to two-step instructions reflect that the ALJ reasonably incorporated [the claimant's] moderate concentration, persistence, and pace limitations"); *Westover v. Astrue*, No. 4:11-CV-816-Y, 2012 WL 6553102, at * 10 (N.D. Tex. Nov. 16, 2012) (concluding that RFC and hypothetical limiting claimant to following detailed, but not complex, instructions properly incorporated moderate limitations in concentration, persistence, and pace). The Court agrees with Judge Ball that the ALJ's RFC and hypothetical sufficiently incorporated the functional limitations related to concentration, persistence, and pace.

  B. Conflict between VE and DOT

  Relying on the testimony of a Vocational Expert, the ALJ concluded that Plaintiff could not perform any of her past relevant work in light of her RFC, but that she could perform three jobs that exist in significant numbers in the national economy: small parts assembler, surveillance systems monitor, and security clerk. The VE identified each of these jobs by an Occupational Code Number from the Department of Labor's Dictionary of Occupational Titles.

  The DOT classifies the small parts assembler and security clerk positions as requiring a reasoning development level of 2, while the surveillance systems monitor position requires a reasoning development level of 3. Plaintiff asserts that the VE's conclusion that she could perform these jobs is inconsistent with their DOT classification because her limitations preclude her from performing a job requiring a reasoning development level above level 1.

As an initial matter, Plaintiff waived this issue by failing to present it before the ALJ.  As Judge Ball noted, the Fifth Circuit held in *Carey v. Apfel*, that "claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error . . . ." 230 F.3d 131, 146–47 (5th Cir. 2000) (quoted in *Barratt v. Astrue*, No. 07-51067, 2008 WL 2325636, at *2 (5th Cir. June 6, 2008)).  Plaintiff did not address this portion of the R&R, which is dispositive of her second issue.

Even if the issue had not been waived, the Court agrees with Judge Ball's conclusion for the reasons stated in the R&R.  *See* R&R [14] at 8–9 (providing definitions for reasoning development levels); *see also Gaspard v. Soc. Sec. Admin. Com'r*, 609 F. Supp. 2d 607, 617 & n.22 (E.D. Tex. 2009) (collecting cases and noting that "a limitation to simple and repetitive tasks is *consistent* with a reasoning level of 2").

For the foregoing reasons, the Court finds that the Report and Recommendation of the United States Magistrate Judge should be adopted as the opinion of this Court.

IT IS, THEREFORE, ORDERED that Plaintiff's objections to the Report and Recommendation are hereby overruled.

IT IS FURTHER ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court; Plaintiff's motion [9] is denied; Defendant's motion [11] is granted; the decision of the Commissioner is affirmed; and this action is dismissed with prejudice.

A separate judgment will be entered in accordance with the Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 25th day of March, 2014.

s/ *Daniel P. Jordan III*<br>UNITED STATES DISTRICT JUDGE